*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF CALIFORNIA**

In re

ROMAN BECERRA FLORES and
NORA ELIZABETH DE BECERRA,

        Debtors.

Case No. 20-90682-E-7
Docket Control No. MOT-1

**This Memorandum Decision is not appropriate for publication.**
**It may be cited for persuasive value on the matters addressed.**

**MEMORANDUM OPINION AND DECISION**
**AMENDING ORDER AVOIDING JUDICIAL LIEN, DCKT. 23**

The court entered its order on December 9, 2020, avoiding the judicial lien of David Martin and Diana Martin which was issued in California Superior Court, for the County of Stanislaus, Case No. 640517, (the "State Court Action") for the judgment ("State Court Judgment") entered in the State Court Action. The judicial lien avoided was identified as the Abstract of Judgment issued on August 18, 2020, and recorded on August 18, 2020, Document 2020-0061378-00 (the "Second Abstract of Judgment"). This Second Abstract of Judgment is for the State Court Judgment entered on August 25, 2010 and renewed on August 13, 2020, in the State Court Action on August 25, 2010. Dckt. 23.

On May 16, 2023, Ramon Flores and Nora De Becerra, the Debtors, filed a Motion to Amend the prior Order to address the concerns raised by a Title Company as to whether the Order also avoided the First Abstract of Judgment recorded on August 15, 2019, DOC - 2019-0054242-00, against the real property commonly known 5009 Inland Avenue, Modesto, California, for the State Court Judgment prior to it being renewed.

The Motion to Amended includes the following grounds (identified by the paragraph number used in the Motion to Amend):

    3)    There is one judgment entered in the State Court Action. The judgment debtor named in the State Court Judgment is debtor Ramon Flores (not both of the joint Debtors). [Exhibit 1, Judgment, and Exhibits 2, 3, the Abstracts of Judgment; Dckt. 38.]

    6)    When the Motion to Avoid Judicial Lien was filed, Debtors were aware of only the Abstract of Judgment recorded on August 18, 2020, which judgment lien was identified in the Motion to Avoid Judicial Lien. See Exhibit A filed in support of Motion to Avoid Judicial Lien. Dckt. 17.

    6)    Debtors were not aware a prior Abstract to Judgment was recorded on August 15, 2019, for the State Court Judgment (the "First Abstract of Judgment").

    9)    Debtors are obtaining a loan to refinance the existing secured debt on their home to obtain a lower interest rate. However, the Title Company providing insurance for that loan transaction will not provide such guaranty until the court addresses there being two abstracts of judgment and that the First Abstract of Judgment has been avoided.

    10)    Debtors assert that the First Abstract of Judgment recorded on August 15, 2019, is an erroneous abstract of judgment.

Motion to Amend; Dckt. 36.

**OPERATION OF CALIFORNIA ENFORCEMENT OF JUDGMENT LAWS
AND JUDGMENT LIENS**

In reviewing the Motion to Amend and Exhibits in support thereof, the court identifies the reason that there are two abstracts of judgment recorded for the State Court Judgment, that the recording of the two is not in "error," and that the avoidance of the Second Judgment Lien by this court's prior order constitutes an avoidance of the First Judgment Lien to the extent it is of any force and effect.

California Law provides that a judgment creditor may obtain a judgment lien on real property by recording an abstract of the money judgment with the county recorder for the county in which the real property is located. Cal. C.C.P. § 697.310(a). The duration of the judgment lien created by an abstract of judgment continues for ten (10) years from the entry of the judgment, unless the judgment is renewed. Cal. C.C.P. § 697.310(b).

California Code of Civil Procedure § 683.180(a) provides for the extension of the duration of a judicial lien beyond the original ten years from the entry of the judgment if the state court

judgment has been renewed.  Upon the renewal of a judgment lien, the judgment lien then continues for an additional ten years from the date of the application for renewal of the judgment and a certified copy of the application for renewal is recorded with the county recorder.

**First Abstract of Judgment and
Second Abstract of Judgment Recorded
Upon Renewal of the State Court Judgment**

The two abstracts of judgment filed by Debtors tells the tale of there being a renewal of the judgment and an extension of the judgment lien beyond the original ten year period.

<u>First Abstract of Judgment</u>

A copy of the First Abstract of Judgment is provided by Debtors as Exhibit B in support of the Motion to Amend.  Dckt. 38.  The key information in the First Abstract of Judgment includes (identified by paragraph number in the First Abstract of Judgment):

    1.    The Judgment Debtor is Roman B. Flores, who is one of the two Debtors in this Bankruptcy Case.

    7.    The State Court Judgment for which this First Abstract of Judgment was issued was entered on August 25, 2010.  This is the State Court Judgment in Superior Court Case 640517 for the County of Stanislaus.

Issuance Date Box Next to Seal of the State Court.

    The First Abstract of Judgment was issued on August 15, 2019, and recorded on August 15, 2019.

At this juncture it should also be noted that a California monetary judgment may not be enforced and any judgment lien will be extinguished upon expiration of ten (10) years after the date it was issued, unless it is renewed within that ten (10) year period. Cal. C.C.P. § 683.020, § 683.130.

Thus, the First Abstract of Judgment appears to be consistent with California Law being issued as part of the enforcement of the State Court Judgment issued nine (9) years earlier.  However, if the State Court Judgment was not renewed, then the judgment lien created by the recording of the First Abstract of Judgment would have been extinguished August 25, 2020, by operation of law.

<u>Second Abstract of Judgment</u>

A copy of the Second Abstract of Judgment is provided by Debtors as Exhibit C in support of the Motion to Amend.  Dckt. 38.  The key information in the Second Abstract of Judgment

includes (identified by paragraph number in the First Abstract of Judgment):

1. The Judgment Debtor is Roman B. Flores, who is one of the two Debtors in this Bankruptcy Case.

7. The State Court Judgment for which this First Abstract of Judgment was issued was entered on August 25, 2010.

The Renewal of the State Court Judgment was entered on August 13, 2020.

This is the Renewal of the State Court Judgment in Superior Court Case 640517 for the County of Stanislaus.

Issuance Date Box Next to Seal of the State Court.

The Second Abstract of Judgment for the Renewal of the State Court Judgment was issued on August 18, 2020, and recorded on August 18, 2020.

The Second Abstract of Judgment, which is the subject of the Motion to Avoid Judicial Lien and the Order Avoiding the Judicial Lien (Order, Dckt. 23) is the judicial lien that was in force and effect when this Bankruptcy Case was filed on October 15, 2020, and the entry of this court's Order Avoiding Judicial Lien on December 9, 2020.

**AMENDMENT AND VACATING OF FEDERAL COURT ORDERS**

The Motion requests that the court amend the prior Order Avoiding the Judicial Lien to address the concerns raised by the Title Company relating to the First Abstract of Judgment which was recorded and then extended by the Second Abstract of Judgment when the State Court Judgment was renewed. Federal Rule of Bankruptcy Procedure 9023 incorporates Federal Rule of Civil Procedure 59 for the amendment of judgments. However, Federal Rule of Bankruptcy Procedure 9014(c) does not incorporate Rule 9023 into contested matter practice. Additionally, Federal Rule of Bankruptcy Procedure 9023 states that the motion to amend be filed no later than fourteen (14) days after entry of the judgment.

However, what Debtors are requesting is for the court to vacate the prior order and enter a corrected order to fully address the existence of the two abstracts of judgment that had been filed. Such relief may be granted pursuant to Federal Rule of Bankruptcy Procedure 9024 which incorporates Federal Rule of Civil Procedure 60 and which Federal Rule of Bankruptcy Procedure 9014(c) incorporates into contested matter practice. The provisions of Federal Rule of Civil Procedure 60(b) include the following grounds upon which the court may vacate a prior order and

entering a new order:

    (1) Mistake;

    (6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1), (6).

With respect to the first grounds, "mistake," it is advanced that Debtors were unaware of the First Abstract of Judgment. Additionally, the Second Abstract of Judgment was the one for which the lien was asserted as of the filing of the Bankruptcy Case. In analyzing excusable neglect, the Supreme Court developed a four factor test which has been adopted by the Ninth Circuit. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388-394 (1993); *Pincay v. Andrews*, 389 F.3d 853, 855-895 (9th Cir. 2004)(*en banc*). The Supreme Court held the court must take into account all relevant circumstances including:

    (1) the danger of prejudice to the opposing party;

    (2) the length of the delay and its potential impact on the proceedings;

    (3) the reason for the delay; and

    (4) whether the movant acted in good faith.

*Pioneer* 507 U.S. at 395; *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (emphasis added).

Moore's Federal Practice describes some fact patterns justifying relief from judgment, which includes "The record shows that one of the parties proceeded to trial under an understandable but mistaken assumption concerning the issues to be tried." 12 Moore's Federal Practice - Civil § 60.41 (2022) (emphasis added).

Here, the belief (which actually is accurate, not mistaken) is that the Second Abstract of Judgment is the judgment lien which encumbered Debtors' property as of the entry of the Order Avoiding the Lien and is the lien properly avoided. The "mistake" would be not having included the First Abstract of Judgment which then dates the Second Abstract of Judgment all the way back to the filing of the First Abstract of Judgment for order of priority of that judgment lien.

The "other reasons that justify relief" grounds is that it is the Title Company which wants the record clearly documented that the Second Abstract of Judgment is an extension of the First

Abstract of Judgment and that the avoidance of the Second Abstract of Judgment avoids the judgment lien on the property in its entirety. This is a separate basis from the "mistake" grounds under Federal Rule of Bankruptcy Procedure 60(b)(1) and the other Rule 60(b) grounds.

<u>Time Limits on Motion to Vacate Pursuant to Rule 60(b)</u>

The Supreme Court specifies in Federal Rule of Civil Procedure Rule 60(c) that a motion for relief pursuant to Rule 60(b) must be made within a reasonable time, and for grounds stated in Rule 60(b)(1) [mistake], (2) [newly discovered evidence], and (3) [fraud] must be made within one year of the entry of the order or judgment from which relief is sought. The court having entered the Order Avoiding the Lien on December 19, 2020, the deadline for relief for mistake has passed.

However, the relief requested here does fall into the "any other reason that justifies relief" basis. This is a situation where the Title Company, which will be issuing the insurance, seeks a "clearer" order that the avoiding of lien extended pursuant to the Second Abstract of Judgment includes the lien that arose pursuant to the First Abstract of Judgment. The Motion requests a "clarification" of the court's prior order based upon the Title Company identifying the First Abstract of Judgment and then a Second Abstract of Judgment for the same State Court Judgment.

In considering the basic factors in the court vacating the prior order and issuing a corrected order clearly identifying that the judicial lien on the Property is avoided, the court notes:

(1) the danger of prejudice to the opposing party.

There is no danger of prejudice to Creditors. Their judicial lien is a creature of State Law and as a matter of State Law is a single lien relating to one State Court Judgment.

(2) the length of the delay and its potential impact on the proceedings.

While several years have passed, Debtors only recently learned of the First Abstract of Judgment and the Title Company's hesitance to take into account that the First Abstract of Judgment is included as part of the extended Second Abstract of Judgment. No prejudice appears.

(3) the reason for the delay.

The reason stated is that Debtors have learned of this First Abstract of Judgment only recently as they try to refinance the obligation secured by their residence. Additionally, the reason appears to be that the Title Company, which will be obtaining the title insurance for the lender, does not profess

to rule on the application of 11 U.S.C. § 522(f) and the application of California abstract of judgment law.

(4) whether the movant acted in good faith.

There is nothing in the record indicating that Debtors are acting in any way other than in good faith. They are working to address an issue that the Title Company has raised. All of the evidence presented relate to one judgment and one judgment lien.

Based upon the original Motion to Avoid Judicial Lien and Order Avoiding Judicial Lien granted pursuant thereto; Dckts. 22, 23; and consideration of the Motion for Amended Order Avoiding Duplicate Liens on Debtor's Home, the court grants the relief requested and shall:

**ISSUANCE OF AN AMENDED ORDER**

As the court considers this situation, to avoid confusion that may be caused by vacating the December 9, 2020 Order and then entering a new order stating to be retroactively effective as of the December 9, 2020 filing of the original order, the court determines that combining the two steps into one amended order which is given full force and effect from December 9, 2020 and thereafter, clearly documents the amendment relating back to the original order. This avoids someone thinking that the instant between vacating the prior order and issuance of the amended order created the opportunity for the lien to not be voidable.

Therefore, the court shall issue an amended order, effective as of the December 9, 2020 filing of the prior Order (Dckt. 23) which expressly avoids the two recorded judgment liens (the original and the renewal).

Dated: June 14, 2023

By the Court

Ronald H. Sargis, Judge
United States Bankruptcy Court

7

# Instructions to Clerk of Court
**Service List - Not Part of Order/Judgment**

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked _____, via the U.S. mail.

| **Debtor(s)** | **Attorney(s) for the Debtor(s)** (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |
| **Attorney(s) for the Trustee** (if any) | David Martin<br>Diana Martin<br>201 Oildale Drive<br>Bakersfield, CA 93308 |
| Diana Martin<br>1728 Everglade CT<br>Oklahoma City, OK 73128 | Gerald E. Brunn, Esq.<br>Brunn & Flynn<br>928 12th Street, Suite 200<br>Modesto, CA 95354 |